**M–A–S–H, INCORPORATED**

v.

**FIAT–ALLIS CONSTRUCTION MACHINERY, INC.**

Civ. No. 3–78–94.

United States District Court, E. D. Tennessee, N. D.

Sept. 11, 1978.

Robert R. Campbell, Knoxville, Tenn., N. R. Coleman, Jr., Greeneville, Tenn., for plaintiff.

Robert A. Finley, Knoxville, Tenn., Lloyd A. Utley, Thomas H. Herron, Jackson, Tenn., for defendant.

**OPINION RENDERED FROM THE BENCH**

ROBERT L. TAYLOR, District Judge.

M–A–S–H, Incorporated, a Tennessee corporation, has sued Allis Chalmers Corporation, Allis Chalmers Construction Machinery, Inc., and Fiat-Allis Construction Machinery, Inc. (the last named defendant, that is Fiat-Allis, is the only defendant left in the case), for damages as a result of the purchase and sale of a Model 41B, Fiat-Allis

Crawler Tractor, Serial No. 75S03163. The tractor was purchased by M–A–S–H and placed into service on April 14, 1975, for the purchase price of $252,078.89.

Plaintiff contends that the seller had knowledge of the purposes for which the tractor was purchased, and to induce the purchaser to buy the tractor the seller made numerous material misrepresentations concerning the character and quality of the tractor through advertisements, sales brochures, verbal claims and representations. On the basis of such representations the purchaser acquired the tractor.

Plaintiff says that among other things, the seller represented that the tractor was the largest and most powerful of its type in the world, that it was the proven better business machine, that it was especially suited for mining coal, and that it had proven high availability, productivity, longer life and profitability.

Plaintiff further contends that on the day the tractor was placed into service there was a mechanical breakdown. Afterwards the hydraulic system, the undercarriage, steering system, the tracks, transmission and other parts did not work properly. Such problems repeated themselves, resulting in excessive down time, loss of many hours of productivity, the expenditure of large amounts of money in repairs and maintenance and a loss of profits.

The purchaser claims that the seller breached warranties of merchantability and fitness for the purpose for which the tractor was purchased, as a result of which the purchaser claims to have sustained damages in the amount of $400,000.00.

The foregoing are the main contentions of the purchaser, or plaintiff, in this lawsuit.

Defendant contends that at the time the tractor was delivered to plaintiff it was in good and merchantable condition, fit for the purposes for which it was purchased and intended.

After such delivery the defendant contends it had no control over the use to which the tractor was put or its manner of operation or maintenance. Defendant denies that it made any misrepresentations of any material facts, either prior or subsequent to the sale of the tractor which were relied upon by the plaintiff by way of sales brochures, advertising, verbal claims or representations.

Defendant says the tractor was sold subject to an express limited warranty and is subject to all the terms and limitations thereof.

Defendant says further that the plaintiff experienced some breakdowns which defendant believes to have been largely caused by misapplication or lack of maintenance but in each and every case the defendant claims to have promptly repaired the tractor pursuant to the terms of its warranty and to have returned the tractor to service where it remains to this day more than three years after the delivery to the plaintiff.

Defendant denies that it has breached any implied or expressed warranty or that it has tortiously misrepresented the tractor. In this connection, counsel for the plaintiff stated that plaintiff was no longer relying upon breach of implied or express warranty as a basis for recovery.

Defendant denies that the plaintiff has suffered any damages because of any acts or failure to act on the part of the defendant. Defendant says that its obligations to the plaintiff were limited in the express warranty delivered with the tractor.

Defendant claims that plaintiff's action, if any, is barred by the three-year statute of limitations contained in Title 28, Section 305, Tennessee Code Annotated.

Defendant says further that the plaintiff is guilty of contributory negligence and assumption of the risk in that plaintiff abused and misused the tractor and failed to maintain and operate it in accordance with the defendant's specifications and instructions.

The determinative issues for the decision of the Court, as formulated in a pre-trial order in which counsel for each of the parties participated, are: (1) Did defendant breach an implied warranty to the plaintiff; if so, did plaintiff suffer damages as a direct and proximate result thereof? (In

light of the concession of plaintiff's counsel, this is no longer an issue in this case.) (2) Did Fiat-Allis Construction Machinery, Inc., make tortious material misrepresentations to the plaintiff with reference to the machine manufactured by it; if so, did plaintiff suffer damages as a direct and proximate result thereof?

In that connection, the defendant in its brochures and advertisements which were confirmed or repeated by its representative, stated that the machine is completely acceptable in mining operations, that its performance is good, that its availability is high, and maintenance cost is low, that it has the maximum availability.

■ The preponderance of the proof shows and the court finds, that these representations were not accurate or true although made in good faith by the representative. The preponderance of the proof further shows that plaintiff suffered damages as a direct and proximate result of these misrepresentations.

■ The statute of limitations does not bar plaintiff's cause of action. The purchase order was made in December 1974. The date of the delivery of the tractor was April 14, 1975. The suit was filed on April 12, 1978, or within three years from the date of the delivery of the tractor.

■ Plaintiff is not barred by the doctrine of assumption of risk or contributory negligence, as shown by the preponderance of the proof. The evidence that the tractor was not properly maintained and that the absence of proper maintenance was the cause of the breakdowns and other troubles is not convincing. On the occasion that representatives of the defendant visited plaintiff's operation no mention was made by them to plaintiff that the tractor was not properly maintained.

■ Nor is plaintiff barred by the limitation of remedy clause in the limited warranty allegedly a part of the contract. Even if the limited warranty were part of this contract, the limitation of remedy for breach of warranty would be ineffective to bar a tortious misrepresentation claim under Tennessee law. *Cooper Paintings & Coatings, Inc. v. SCM Corporation*, 457 S.W.2d 864

(Tenn.App., *cert. denied*, 1970). *See also Clements Auto Company v. Service Bureau Corp.*, 444 F.2d 169 (8th Cir. 1971); *Walker Truck Con. Inc. v. Crane Carrier Co.*, 405 F.Supp. 911 (E.D.Tenn.1975).

In the opinion of the Court plaintiff is entitled to recover damages by reason, as previously indicated, of the tortious misrepresentations by the defendant. The proof shows beyond question that this machine was not fit for the purpose for which it was purchased at the time it was delivered to the purchaser. As previously indicated, there was a breakdown on the day that it was delivered. There were some three or four breakdowns within five months after it was delivered. Plaintiff had an unusual amount of trouble with the machine by reason of these breakdowns, substantially limiting the availability of the tractor.

The Court is reasonably certain that plaintiff is entitled to recover damages, but as to the amount of the damages the Court is not certain at this time. The amount and items of damages the Court will have to study before it is willing to render a final decision.

Counsel are to furnish the Court supplemental memoranda dealing with the question of damages only.